| Case No. | **CV 19-7348-DMG (Ex)** | Date | October 22, 2019 |
|---|---|---|---|
| Title | *Julia Liepmann, et al. v. Camden Co., et al.* | Page | 1 of 4 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS - ORDER RE PLAINTIFFS' MOTION TO REMAND [10]**

On August November 8, 2018, Plaintiffs Julia and Peter Liepmann filed a Complaint in Los Angeles County Superior Court against Camden Properties, Inc. ("Camden"), Bernards Bros., Inc. and 100 Doe Defendants asserting claims of negligence and loss of consortium arising from a July 2018 slip-and-fall at premises owned by Camden. Notice of Removal, Ex. A ("Complaint") at ¶¶ 1-8 [Doc. # 1-1]. According to Plaintiffs, Defendants negligently failed to keep the premises safe and to warn them of the slippery surface on which Julia fell and injured herself. *Id.* at ¶ 5. On November 26, 2018, Plaintiffs served a Statement of Damages on Defendants identifying $2,750,000 in damages sought. Notice of Removal at ¶ 18 [Doc. # 1].

On July 17, 2019, Plaintiffs filed an amendment to their Complaint identifying former Camden employee Pooria Daryabeygi as Doe Defendant 1. *Id.* Removal at ¶ 7. On August 2, 2019, Plaintiffs dismissed Bernards Bros., Inc. *Id.* at ¶ 8.

On August 23, 2019, Defendant Camden removed the action, alleging that this Court has diversity jurisdiction pursuant to 28 U.S.C. section 1332 because Plaintiffs are California citizens, Camden is citizen of Texas and Delaware, and the amount in controversy exceeds $75,000. *Id.* at ¶¶ 9-14. On September 23, 2019, Plaintiffs filed a Motion to Remand ("MTR") based on the theory that Defendant Daryabeygi, a California citizen, destroys diversity jurisdiction. [Doc. # 10.] The MTR is fully briefed. [Doc. ## 11 ("Opp."), 13 ("Reply").]. Having considered the parties' written submissions, the Court **GRANTS** the MTR.

## I.
## LEGAL STANDARD

Diversity jurisdiction under 28 U.S.C. section 1332 requires that the parties to a suit be of diverse citizenship. *Diaz v. Davis (In re Digimarc Corp. Derivative Litig.)*, 549 F.3d 1223, 1234 (9th Cir. 2008) (citing *Strawbridge v. Curtiss*, 7 U.S. 267, 267 (1806)) ("Diversity jurisdiction requires complete diversity between the parties—each defendant must be a citizen of a different

state from each plaintiff."). There is a "strong presumption against removal jurisdiction," and courts must reject it "if there is any doubt as to the right of removal in the first instance." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*per curiam*)) (internal quotation marks omitted); *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008) (any "doubt is resolved against removability"). The party "seeking removal has the burden to establish that removal is proper" and the "burden of establishing federal subject matter jurisdiction." *Id.*; *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009) (citing *Toumajian v. Frailey*, 135 F.3d 648, 652 (9th Cir. 1998)).

Fraudulently joined defendants do not defeat removal on diversity grounds. *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). A non-diverse defendant is fraudulently joined, "and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, '[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (quoting *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)).

When contesting removal, a plaintiff is limited to the allegations stated in its complaint. *See Ritchey*, 139 F.3d at 1318 (To determine whether joinder of a defendant is fraudulent, district courts must "look only to a plaintiff's pleadings to determine removability" and "will determine the 'existence of federal jurisdiction . . . solely by an examination of the plaintiff's case.'") (citations omitted). When opposing remand, however, a defendant may introduce evidence beyond the pleadings to establish fraudulent joinder. *Id.* A defendant opposing remand must "show that there is no possibility that the plaintiff could prevail on any cause of action it brought against the non-diverse defendant. Remand must be granted unless the defendant shows that the plaintiff would not be afforded leave to amend his complaint to cure the purported deficiency." *Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) (internal citations omitted); *see also Rangel v. Bridgestone Retail Operations, LLC*, 200 F. Supp. 3d 1024, 1033 (C.D. Cal. 2016).

## II.
## DISCUSSION

Plaintiffs argue that the Court lacks subject matter jurisdiction under 28 U.S.C. section 1332 because Plaintiffs and Daryabeygi are not completely diverse. Camden responds that the Court should disregard Daryabeygi's citizenship because Plaintiffs fraudulently joined him for the sole purpose of destroying diversity. In opposition to remand, Camden argues that: (1) Plaintiffs acted in bad faith by belatedly naming Daryabeygi in order to run out Camden's deadline for

UNITED STATES DISTRICT COURT    JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 19-7348-DMG (Ex) | Date | October 22, 2019 |
|---|---|---|---|
| Title | *Julia Liepmann, et al. v. Camden Co., et al.* | Page | 3 of 4 |

removal based on diversity jurisdiction; (2) the Complaint does not state a colorable claim against Daryabeygi; and (3) Daryabeygi was not properly served. Opp. at 4.[1]

No matter the reason behind Plaintiffs' delay in adding Daryabeygi, Plaintiffs' intentions do not factor into the fraudulent joinder analysis. *See Albi v. Street Publ'ns*, 140 F.2d 310, 312 (9th Cir. 1944) ("[I]t is universally thought that the motive for joining such a defendant is immaterial. It is only where the plaintiff has not, in fact, a cause of action against the resident defendant, and has no reasonable ground for supposing he has, and yet joins him in order to evade the jurisdiction of the federal court, that the joinder can be said to be fraudulent, entitling the real defendant to a removal."); *Cofer v. Parker-Hannifin Corp.*, 194 F. Supp. 3d 1014, 1022 (C.D. Cal. 2016) ("The term 'fraudulent joinder' . . . does not connote any intent to deceive on the part of plaintiffs or their counsel."). Plaintiffs' motive for the joinder of Daryabeygi therefore is irrelevant. *See* Opp. at 10.[2]

Also unavailing are Camden's arguments that Plaintiffs' Complaint "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." Opp. at 8 (quoting *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001)). First, Camden is correct that an employer like Camden can be vicariously liable for the conduct of an employee acting within the scope of his employment, but Camden cites no authority for the proposition that vicarious liability immunizes employees from liability for that conduct. To the contrary, long-settled California law provides that "[i]f a tortious act has been committed by an agent acting under authority of his principal, the fact that the principal thus becomes liable does not of course exonerate the agent from liability." *Perkins v. Blauth*, 127 P. 50, 52 (Cal. 1912); *see also PMC, Inc. v. Kadisha*, 78 Cal. App. 4th 1368, 1381 (2000) ("[A]n agent is liable for her or his own acts, regardless whether the principal is also liable."). Second, Camden refers only to California model jury instructions regarding premises liability to argue that Daryabeygi cannot be held liable as an individual who owns, leases, controls, or maintains a premise. Opp. at 9. Under

---

[1] All page references herein are to page numbers inserted in the header of the document by the CM/ECF filing system.

[2] Camden also argues that under California law, "designating a defendant by a fictitious name is proper only if a plaintiff is genuinely ignorant of the defendant's true name when the complaint was filed." Opp. at 11 (citing *McClatchy v. Coblentz, Patch, Duffo, & Bass LLP*, 247 Cal. App. 4th 368, 371-72 (2016) (emphasis omitted). California Civil Procedure Code section 474 does so provide, but courts have rejected this "rather wooden construction of section 474." *Goldberg v. CPC Int'l, Inc.*, 495 F. Supp. 233, 239-40 (N.D. Cal. 1980) (citing *Munoz v. Purdy*, 91 Cal.App.3d 942 (1979)). Like the court in *Goldberg*, the Court finds that this argument is irrelevant because, as discussed *infra*, "the Doe allegations on their face are sufficient to preclude removal" and, in any case, "presumably only the defendant sued as a Doe has standing to complain since the restrictions on the Doe procedure are intended to preserve the benefits for defendants of statutes of limitations." *Id.* at 240, n.9.

UNITED STATES DISTRICT COURT  JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 19-7348-DMG (Ex)** | Date | October 22, 2019 |
|---|---|---|---|
| Title | *Julia Liepmann, et al. v. Camden Co., et al.* | Page | 4 of 4 |

California law, however, the elements for Plaintiffs' negligence claim are: "a legal duty of care, breach of that duty, and proximate cause resulting in injury." *Kesner v. Superior Court*, 1 Cal. 5th 1132, 1158 (2016). Plaintiffs allege that all Defendants, including Doe Defendants, breached their duty to keep the floor safe or warn of the hazard that injured Plaintiffs after having sufficient notice of its existence. *See* Compl. at ¶ 5. On its face, therefore, the Complaint contains sufficient facts to support a claim for negligence against Daryabeygi. Camden has failed to carry its burden to establish that Plaintiffs' inability to state a claim against Daryabeygi is "obvious according to the settled" vicarious liability "rules of the state." *See McCabe*, 811 F.2d at 1339.

Lastly, Camden's removal was improper once Daryabeygi, a non-diverse party, was named as a Defendant, regardless of whether Daryabeygi was served before removal. *See Pullman Co. v. Jenkins*, 305 U.S. 534, 541 (1939) ("[T]he fact that the resident defendant has not been served with process does not justify removal by the non-resident defendant. . . . there is no diversity of citizenship, and the controversy being a nonseparable one, the non-resident defendant should not be permitted to seize an opportunity to remove the cause before service upon the resident co-defendant is effected."). It is thus immaterial that Plaintiffs were unable to serve Daryabeygi before removal to this Court.

Since Camden's only arguments against remand are unpersuasive and have not met its burden to demonstrate fraudulent joinder, the Court must consider Daryabeygi's citizenship for jurisdictional purposes. The fact that Plaintiffs and Daryabeygi all reside in California destroys diversity jurisdiction and necessitates remand.

## III.
## CONCLUSION

In light of the foregoing, the Court **GRANTS** Plaintiff's MTR. This action is hereby **REMANDED** to the Los Angeles County Superior Court. The October 25, 2019 hearing on the MTR and scheduling conference is **VACATED**.

**IT IS SO ORDERED.**